UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>RAMON BRAVO, INC.,<br><br>    Defendant. | Case No. 21-cv-03714-JCS<br><br>**ORDER REGARDING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

## I. INTRODUCTION

Plaintiff Brian Whitaker brings this case under the federal Americans with Disabilities Act (the "ADA") and California's Unruh Civil Rights Act, asserting that Defendant Ramon Bravo, Inc. ("Bravo") failed to provide wheelchair-accessible facilities. Bravo moves to dismiss Whitaker's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the alternative, asks the Court to decline to exercise supplemental jurisdiction over the Unruh Act claim. The Court held a hearing on September 10, 2021. For the reasons discussed below, Bravo's motion is DENIED.[1]

## II. BACKGROUND

Because a plaintiff's allegations are generally taken as true on a motion to dismiss under Rule 12(b)(6), this order summarizes Whitaker's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

Whitaker is a quadriplegic who suffers from a spinal cord injury and uses a wheelchair for mobility. *See* 1st Am. Compl. ("FAC," dkt. 17) ¶ 1. Bravo owns Margaritas, a restaurant located

---

[1] The parties have consented to a magistrate judge presiding over the case for all purposes under 28 U.S.C. § 636(c).

in Redwood City. *Id.* ¶ 7. "On or about May 7, 2021," Whitaker visited this restaurant "with the intention to avail himself of its goods or services motivated in part to determine if the defendants comply with the disability access laws." *Id.* ¶ 8. During his visit, he encountered barriers in the form of the restaurant's failure "to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." *Id.* Specifically, Whitaker experienced a "lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users" which "causes difficulty for [him] because. . . he cannot pull his wheelchair under the table, and he has to sit a relatively long distance from the table." *Id.* ¶ 12. "This makes dining difficult because he risks spilling food on his lap, which is embarrassing." *Id.* Whitaker also "believes that there are other features of the dining surfaces that likely fail to comply with the ADA standards." *Id.* ¶ 13. Whitaker "will return to the Restaurant to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible." *Id.* ¶ 20. He is currently "deterred from doing so" due to his "knowledge of the existing barriers" and "uncertainty about the existence of yet other barriers on the site." *Id.*

Whitaker asserts a claim for injunctive relief under the ADA and a claim for injunctive relief and statutory damages under the Unruh Act, which incorporates the requirements of the ADA. *Id.* ¶¶ 22–32, *see also id.* at 7, ¶¶ 1–3 (prayer for relief).

Bravo moves to dismiss both of Whitaker's claims under Rule 12(b)(6) for failure to plead sufficient factual allegations to meet the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), contending that Whitaker's allegations are "vague and general." Mot. (dkt. 20) at 2. Bravo additionally argues lack of Article III standing, stating that Whitaker makes an insufficient showing of intent to return to the restaurant, which precludes "injury-in-fact" required by *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). Mot. at 6–9. Whitaker argues that his allegations of insufficient knee and toe clearance are sufficient to put Bravo on notice of a particular barrier encountered at the time of his visit, and that his deterrence from visiting the restaurant until the ADA violations are cured establishes injury for standing purposes. Opp'n (dkt. 22) at 1–6.

In the alternative, Bravo requests that the Court decline to exercise supplemental

jurisdiction over Whitaker's Unruh Act claim. Mot. at 9–10. Bravo argues that exceptional circumstances justify declining jurisdiction because Whitaker chose the federal forum solely to evade heightened pleading requirements that apply to frequent disability access plaintiffs in California state courts. *Id.* Whitaker contends that supplemental jurisdiction is appropriate because he is entitled to a federal forum for his ADA claim, the claim under the Unruh Act arises out of the same facts and specifically incorporates violations of the ADA, and requiring two separate proceedings for the federal and state claims would be duplicative and inefficient. Opp'n. at 6–9. Furthermore, he argues that seeking a favorable forum is not a reason to decline supplemental jurisdiction and does not constitute exceptional circumstances. *Id.*

### III.   ANALYSIS

#### A.   Motion to Dismiss Under Rule 12(b)(6)

##### 1.   Legal Standard

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

3

of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### 2. Whitaker Presents Sufficient Factual Allegations

Bare recitations of legal conclusions, such as denial of "full and equal access" or lack of accessibility, are too vague to place a defendant on notice of the areas of their noncompliance with the ADA. *Whitaker v. Tesla Motors*, Inc., 985 F.3d 1173, 1177 (9th Cir. 2021). However, this Court has previously determined that allegations of insufficient knee or toe clearance at dining tables for wheelchair users are sufficiently specific to meet the *Iqbal*'s plausibility standard. *Whitaker v. Surf & Turf, LLC*, No. 21-cv-03100-JCS, 2021 WL 3427122, at *8 (N.D. Cal. Aug. 5, 2021).[2] No aspect of this case merits revisiting this determination.

In the Court's view, Whitaker's allegation of insufficient knee and toe clearance is a factual allegation entitled to be taken as true. Requiring more specific allegations would transcend *Iqbal*'s plausibility standard and instead resemble the particularity of Rule 9(b), which does not apply to this case. While questions surrounding the exact conditions of Whitaker's visit to the restaurant—such as the time of day, the compliance of every table in the restaurants, and their exact measurements—are likely useful inquiries for summary judgment, their absence in a complaint is not a basis to dismiss under Rule 12(b)(6). Bravo's motion to dismiss under that rule is DENIED.

---

[2] Bravo objects to, and requests to strike, Whitaker's reference to *Whitaker v. Surf & Turf* as "hearsay and lack[ing] any foundation." Reply (dkt. 23) at 3. Evidentiary objections such as "hearsay" do not apply to case citations supporting legal conclusions. Whitaker is free to cite decisions he believes are analogous, and Bravo may argue why such cases are distinguishable or wrongly decided. Bravo's evidentiary objection is frivolous.

### 3. Whitaker Has Article III Standing[3]

The "irreducible constitutional minimum of standing" requires "(1) an injury in fact suffered by the plaintiff; (2) a causal connection between that injury and the defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61. The Supreme Court directs courts to interpret standing in civil rights cases broadly, "especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)). On a facial challenge to standing, the Court accepts Whitaker's allegations as true and makes "all reasonable inferences in the plaintiff's favor" to determine "whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Whitaker v. Panama Joes Invs., LLC*, 840 F. App'x 961, 963 (9th Cir. 2021).

Bravo argues that Whitaker has not sufficiently alleged injury-in-fact necessary for Article III standing for injunctive relief. To establish injury-in-fact, a plaintiff must suffer an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "General factual allegations of injury resulting from the defendant's conduct may suffice" for a facial challenge at the pleading stage. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007) (citing *Lujan*, 504 U.S. at 561). In the ADA context, "encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011). An ADA plaintiff may establish injury-in-fact where he "personally suffered discrimination as a result of the barriers in place." *Bodley v. Plaza Mgmt. Corp.*, 331 F. App'x 547 (9th Cir. 2009). "The injury suffered by disabled plaintiffs is the discrimination under the ADA that results from an accommodation's failure to remove architectural barriers." *Chapman*, 631 F.3d at 952. Plaintiffs must therefore allege that they have

---

[3] The issues of standing and supplemental jurisdiction are more properly brought under Rule 12(b)(1). However, as the standard for a facial challenge under 12(b)(1) is essentially the same as under 12(b)(6), this distinction is not material to the outcome.

personally encountered "at least one barrier related to plaintiff's disability." *Panama Joes*, 840 F. App'x at 963. Parties seeking injunctive relief, as is the case here, must allege "real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). The plaintiff must show "either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury." *Chapman*, 631 F.3d at 953.

"To establish standing based on deterrence, an ADA plaintiff must demonstrate that he would return but for the barrier." *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015); *see also Doran*, 524 F.3d at 1041 ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."). Conclusory statements that a plaintiff intends to visit an establishment in the future are insufficient to make this showing. *See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014) (finding that an ADA plaintiff who encountered a barrier at a hospital but alleged no reason or intent to return to the hospital in the future lacked standing for injunctive relief). Where the plaintiff is "indifferent to returning" or if their "alleged intent to return is not genuine," no imminent threat exists. *Chapman*, 631 F.3d at 953. But a deterred plaintiff need not engage in the "futile gesture" of returning or making concrete plans to return to the establishment before the barrier is cured. *Pickern*, 293 F.3d at 1136; *see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.* ("*CREEC*"), 867 F.3d 1093, 1101 (9th Cir. 2017) (holding that alleged intent to return after a barrier has been cured validly protects plaintiffs from engaging in a "futile gesture" and that the "injury continues so long as equivalent access is denied"); *Marquez v. Carwood Ctr., LLC*, No. 2:20-cv-05948-VAP-JEMx, 2020 WL 8816340, at *6 (C.D. Cal. Oct. 19, 2020) (finding a plausible allegation of intent to return sufficient for standing purposes at the pleading stage). Past visits to the establishment and its geographic area, as well as specific articulated reasons to return, all lend plausibility to allegations of intent to return once a barrier is cured. *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (finding that a plaintiff's past visits to Santa Barbara, her enthusiasm for the area, and articulated reasons for intending to return to the

specific establishment demonstrated intent to return); *see also CREEC*, 867 F.3d at 1100 (citing the Eleventh Circuit's assessment of "various factors" such as "prior visits, proximity of residence to store, plans for future visits, and status as an ADA tester who has filed many similar lawsuits" as relevant for whether an ADA plaintiff would return to the defendant's establishment in *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013)).

Whitaker's allegations of encountering a barrier at Bravo's restaurant are sufficient to establish that his injury is "concrete and particularized" and "actual." *See Chapman*, 631 F.3d at 953. He alleged that he was not provided with wheelchair-accessible outdoor dining surfaces, specifically those with sufficient knee and toe clearance. FAC ¶¶ 1, 12. Because Whitaker himself is a wheelchair user, his claim is sufficiently related to his disability. *See Arroyo v. Two Unoil, LLC*, No. CV 19-2769 PSG (JEMx), 2019 WL 6792804, at *6 (C.D. Cal. Aug. 7, 2019) (finding identification of "the specific barrier [the plaintiff] personally encountered" and "a plausible inference that the barrier was related to his disability" sufficient for standing at the pleading stage).

Whitaker's injury is also sufficiently "imminent" to establish standing for injunctive relief. He alleges that he is deterred from returning to the restaurant and will return to verify compliance once the barriers are removed. FAC ¶ 20. Whitaker alleges that he "frequently travels to all regions of the Bay Area, including the Redwood City area," showing that he has opportunity to visit the area and is likely to do so again. *Id.* Furthermore, Whitaker's status as an ADA tester lends credibility to his claim that he will return to verify compliance, as this is a routine aspect of his work and provides a plausible reason for his return. *See Panama Joes*, 840 F. App'x at 963 (finding imminent injury when a plaintiff "intend[ed] to return to the restaurant to avail himself of its services and determine if it complies with the ADA"); *see also Rutherford v. Kelly*, No. 3:20-cv-00293-L-BGS, 2021 WL 488342, at *7 (S.D. Cal. Feb. 9, 2021) (finding that status as an ADA tester and past visits relevant to an establishment of injury for standing purposes). Therefore, Whitaker has plausibly alleged imminent injury for standing purposes.

Bravo disagrees, arguing that Whitaker has failed to "demonstrate" his intent to return because it lacks sufficient definiteness. Mot. at 7–8. But so long as an establishment is not in

compliance with the ADA, a plaintiff is not required to demonstrate any definite plans to return to the establishment or even the geographic area. *See CREEC*, 867 F.3d at 1101 (holding that intent to return once a barrier has been cured does not require allegations of plans to return to the establishment); *see also Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*, No. 21-CV-02859-BLF, 2021 WL 3913519, at *4 (N.D. Cal. Sept. 1, 2021) (declining to require "additional elements" on top of a plaintiff's allegations of deterrence for injunctive relief standing). It also bears mentioning that the majority of cases Bravo cited to support this argument addressed standing on an evidentiary record. *See, e.g.*, *D'Lil*, 538 F.3d at 1037 (addressing standing at summary judgment stage); *Feezor*, 608 F. App'x at 477 (same). At the pleading stage, Whitaker is not required to "demonstrate" his allegations in his Complaint; they need only be plausible on their face. *See Skaff*, 506 F.3d at 841.

Bravo additionally argues that Whitaker's work as an ADA tester casts doubt on the sincerity of his intent to return and supports imposing a higher standard of pleading requirements to match those required under California state court for high frequency litigants. Mot. at 8–9. But a plaintiff's underlying motivation to return to an establishment "is irrelevant" to the question intent to return. *CREEC*, 867 F.3d at 1102. A plaintiff's "status as [an] ADA tester[]. . . does not deprive them of standing." *Id.* To the contrary, a number of cases have recognized a plaintiff's work as a tester as *supporting* the plausibility of their intent to return. *E.g.*, *Panama Joes*, 840 F. App'x at 963; *Rutherford*, 2021 WL 488342, at *7. Nor do state court procedures have any bearing on federal courts' application of federal law.

Bravo's motion to dismiss for lack of Article III standing is DENIED.

**B. Motion to Dismiss Unruh Act Claim for Lack of Jurisdiction**

    **1. Legal Standard**

"When a federal court has original jurisdiction over a claim, then the court 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . .'" *Johnson v. United Rentals Nw., Inc.*, No. 2:11-cv-00204-JAM, 2011 WL 2746110, at *1 (E.D. Cal. July 13, 2011) (quoting 28 U.S.C. § 1367(a)). State claims are part of the same case or controversy as federal claims "'when they

derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.'" *Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.2d 923, 925 (9th Cir. 2003)).

Supplemental jurisdiction is mandatory unless prohibited by § 1367(b),[4] or unless one of the exceptions in § 1367(c) applies. *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017). Under § 1367(c), a district court may "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

A district court's discretion to decline to exercise supplemental jurisdiction over state law "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966)). A court may decline to exercise supplemental jurisdiction under § 1367(c) "under any one of [the statute's] four provisions." *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478–79 (9th Cir. 1998). When dismissing a state-law claim pursuant to § 1367(c)(1)–(3), a district court need not state its reason for dismissal. *Id.* If a district court declines to exercise supplemental jurisdiction under § 1367(c)(4), however, the court must "articulate why the circumstances of the case are exceptional." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1095 (9th Cir. 2008). The Ninth Circuit has cautioned that declining supplemental jurisdiction based on § 1367(c)(4) should be the exception, not the rule. *Id.* at 1558.

---

[4] 28 U.S.C. § 1367(b) applies to civil actions of which a district court has original jurisdiction founded solely on 28 U.S.C. § 1332 (diversity jurisdiction). Because the Court's jurisdiction over this controversy is founded on 28 U.S.C. § 1331 (federal question jurisdiction), § 1367(b) is inapplicable.

9

### 2. Supplemental Jurisdiction is Appropriate

The Court recognizes that district courts have disagreed as to whether supplemental jurisdiction is appropriate for Unruh Act claims seeking damages based on ADA violations, particularly in cases brought by frequent litigants who would be subject to heightened procedural requirements in the California state courts. *Compare*, *e.g.*, *White v. Wisco Restaurants, Inc.*, No. 17cv103-L(JMA), 2018 WL 1510611, at *4 (S.D. Cal. Mar. 27, 2018) (exercising supplemental jurisdiction and denying a motion to dismiss), *with Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1029–32 (S.D. Cal. 2017) (declining to exercise supplemental jurisdiction based on the court's conclusions that an Unruh Act claim substantially predominated over an ADA claim and that forum shopping by a frequent plaintiff established exceptional circumstances).

This Court has previously addressed the issue in detail and held that supplemental jurisdiction is appropriate under substantially similar circumstances. *See*, *e.g.*, *Castillo-Antonio v. Hernandez*, No. 19-cv-00672-JCS, 2019 WL 2716289, at *6–9 (N.D. Cal. June 28, 2019); *Surf & Turf*, 2021 WL 3427122.

As discussed in those cases, a plaintiff need not sacrifice their right to a federal forum for their ADA claim to pursue a parallel Unruh Act claim, nor must they litigate these two nearly identical claims in separate forums. Bravo's argument that exercising supplemental jurisdiction over these claims increases the burden on federal courts is not a sufficient reason to alter this conclusion. Indeed, a core purpose of exercising supplemental jurisdiction over related state-law claims is to lighten the collective burden on the state and federal court systems by preventing "duplicative efforts in multiple courts, possibly involving multiple juries, and possibly leading to inconsistent results." *Castillo-Antonio*, No. 19-cv-00672-JCS at *22 (quoting *Johnson v. Morning Star Merced, LLC.*, No. 1:18-CV-0558 AWI EPG, 2018 WL 4444961, at *6 (E.D. Cal. Sep. 14, 2018)).

Nothing in Bravo's briefs alters this Court's view of the issue as stated in *Castillo-Antonio*. Bravo's motion to dismiss Whitaker's Unruh Act claim for lack of jurisdiction is DENIED.[5]

---

[5] The Court assumes for the sake of argument that judicial notice is appropriate for Whitaker's

## IV. CONCLUSION

For the reasons discussed above, the motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: September 10, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

---

status as a high frequency litigant, but that status does not alter the Court's conclusion that supplemental jurisdiction is appropriate.