Jeffrey B Neustadt, SBN 057889
345 Grove St. 1st floor
San Francisco, CA 94102
Telephone: 415-434-4440 | Fax: 415-962-4221
jbneustadtlaw@sbcglobal.net

Counsel for Defendant
RAMON BRAVO, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>vs.<br><br>RAMON BRAVO, INC.,<br><br>    Defendant. | Case No. 3:21-cv-03714-JCS<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Comes now Defendant RAMON BRAVO, INC. (Bravo) in answer and response to the first amended complaint of BRIAN WIHTAKER (Whitaker):

**A.    ANSWER**

Except as expressly admitted below, Bravo denies each and every allegation in the first amended complaint (FAC or complaint).  Defendant prays leave to amend as discovery and investigation warrant.

**PARTIES**

1.    Defendant lacks sufficient information to admit or to deny the allegations in Paragraph (¶) 1 and on that basis denies the allegations of ¶1

---

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

2. Admit the allegations in ¶2.

3. Admit the allegations in ¶3.

4. Lack sufficient knowledge and information to admit or to deny the bulk of the allegations in ¶4 and on that basis deny.

## JURISDICTION AND VENUE

5. Admit.

6. Admit that this Court has supplemental jurisdiction out of state law claims which are alleged to arise out of the same operative facts, but deny the balance of ¶6.

7. Admit that the real property which appears to be the subject of this action is located in this district (San Mateo County) but deny that Plaintiff has a cause of action against this defendant..

## FACTUAL ALLEGATIONS

8. Defendant lacks sufficient information to admit or to deny the allegations in ¶8 and on that basis denies the allegations of ¶8.  Defendant is unable to confirm that Plaintiff ever visited Defendant's place of business, whether Plaintiff visited during business hours, whether Plaintiff was directed or assisted by Defendant (or Defendant's staff), and whether the alleged barriers were present.

9. Admit.

10. Defendant lacks sufficient information to admit or to deny the allegations in ¶10 and on that basis denies the allegations of ¶10.

11. Deny.

12. Defendant lacks sufficient information to admit or to deny the allegations in ¶12 and on that basis denies the allegations of ¶12.  Did Plaintiff inspect every table when he allegedly visit the restaurant or was he directed by staff to the one table that allegedly did not comply?  This paragraph is too vague to admit or to deny.  Plaintiff has admitted that it was one (1) table with which he allegedly had trouble.

13. Deny.

14. Deny.

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

15. Deny.

16. Defendant lacks sufficient information to admit or to deny the allegations in ¶16 and on that basis denies the allegations of ¶16.  Defendant is unable to confirm that Plaintiff ever visited Defendant's place of business.

17. Defendant lacks sufficient information to admit or to deny the allegations in ¶17 and on that basis denies the allegations of ¶17.  Defendant is unable to confirm that Plaintiff ever visited Defendant's place of business.  However, if in fact Plaintiff is a quadriplegic, Plaintiff may in fact generally experience difficulty and discomfort dining in public places.

18. Defendant lacks sufficient information to admit or to deny the general allegations in ¶18 and on that basis denies the allegations of ¶18, but denies the specific allegations.

19. Deny barriers were encountered, as noted above, though admit that Plaintiff has stated the law correctly.

20. Defendant lacks sufficient information to admit or to deny the allegations in ¶20 and on that basis denies the allegations of ¶20.

21. Defendant lacks sufficient information to admit or to deny the allegations in ¶21 and on that basis denies the allegations of ¶21.  Defendant is unable to confirm that Plaintiff ever visited Defendant's place of business.

## CAUSES OF ACTION

22. Incorporate all previous allegations, above, as if fully set forth below.

23. Defendant denies the substantive allegations of ¶23 and ¶23a-c, but admits that Plaintiff has stated the law correctly.

24. Defendant admits that Plaintiff has stated the law correctly in a general sense.

25. Deny.

26. Defendant denies the substantive allegations of ¶26, but admits that Plaintiff has stated the law correctly.

27. Defendant admits that Plaintiff has stated the law correctly in a general sense.

28. Defendant denies the substantive allegations of ¶28. Defendant lacks sufficient information to admit or to deny the allegations in ¶28 and on that basis denies the allegations of ¶28, Defendant is unable to confirm that Plaintiff ever visited Defendant's place of business, but is aware of multiple ADA cases filed in the Northern and Central Districts of California by or on behalf of Whitaker, all within a one-month period.

29. Incorporate all previous allegations, above, as if fully set forth below. Defendant admits that Plaintiff has stated the law correctly.

30. Defendant admits that Plaintiff has stated the law correctly. Defendant denies Plaintiff was damaged as alleged in the FAC.

31. Defendant denies the substantive allegations of ¶31, but admits Plaintiff has stated the law correctly. Defendant denies Plaintiff was damaged as alleged in the FAC.

32. Defendant denies the substantive allegations of ¶32, but admits Plaintiff has stated the law correctly. Defendant denies Plaintiff was damaged as alleged in the FAC.

**PRAYER**

Deny that Plaintiff is entitled to any of the relief requested at page 7 of the First amended complaint, and therefore Defendant requests the entire prayer be denied.

**B.     GENERAL DENIAL**

Deny each and every, all and singular, allegations in the FAC and deny that Plaintiff has been injured or damaged in any way and for any of the sums mentioned or claimed, or in any sum whatsoever or at all, as a result of any act or failure to act by the answering Defendant.

**C.     AFFIRMATIVE DEFENSES**

1. No Causation.

The alleged conduct could not have caused any damage as a matter of law.

2. Failure to State Facts.

The Complaint, and each cause of action therein, fails to state facts sufficient to make out a cause of action against Defendant.

3. Equitable Defenses.

The action framed by the subject amended complaint is barred by equitable doctrines, including without limit unclean hands, laches, waiver, and estoppel.

4. Failure to State Cause of Action.

The Complaint and each cause of action therein fail to state facts sufficient to constitute a cause of action.

5. Comparative Fault (Third-Parties).

As to the Complaint and each cause of action, un-named third parties were at fault in causing the damages alleged, if any, and should Plaintiff recover anything in this action the amount awarded be reduced or eliminated by said share of fault.

6. Failure to Mitigate.

The claims for damages are barred because Plaintiff has not alleged, and will be unable to prove, it mitigated damages.

7. Insufficient Knowledge.

As to the FAC and each cause of action, Defendant lacks information to determine whether additional defenses are available and thus reserves the right to amend this Answer.

8. Statutes of Limitations.

The claims are barred by applicable statutes of limitations, including without limit sections 335, 335.1, 337, 338, 339, 340, and 343 of the California Code of Civil Procedure.

9. Statute of Limitations – ADA.

On information and belief, Plaintiff did not visit and was not deterred from visiting the business within two years before the initial complaint was filed.

10. Standing.

Plaintiff's claims are barred because Plaintiff did not visit, and was not deterred from visiting, Defendant's place of business; Plaintiff cannot establish an intent to visit the premises.

11. Older Facility.

The facility has been occupied for a lengthy time by Defendant and his business. During that time, the facility has not been altered to affect its usability; removal of the alleged barriers, to the extent any exist, is not readily achievable.

12. Unreasonable Burden.

Plaintiff's requested modifications would pose an undue and unreasonable burden on Defendant.

13. Access Provided.

Defendant provided access to persons with disabilities by using methods such as customer service.

14. Fundamental Alterations.

One or more of Plaintiff's requested alterations would fundamentally alter the services and facilities.

**D.   RELIEF REQUESTED**

Wherefore, Defendant herein prays as follows:

1. Plaintiff take nothing by way of his FAC, or at all;
2. Defendant recover costs of suit, including reasonable attorneys' fees; and,
3. For such other relief as the Court may find is just and proper.

**E.   JURY TRIAL DEMANDED**

To the extent permitted by law, Defendant hereby demands a jury trial in this matter.

Date:   September 27, 2021                    _____Jeffrey B. Neustadt /s/
                                              By:   Jeffrey B. Neustadt
                                              Counsel for Defendant
                                              RAMON BRAVO, INC.

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**